## BRYANT v. SE CHRIST.

(Court of Appeals of District of Columbia. Decided February 5, 1923.)

No. 3820.

1. **Landlord and tenant �kööö200(1½)—Rent commission can inspect premises in absence of parties.**

Though the Rent Law provides that all hearings on an issue as to reasonable rent shall be public, and opportunity afforded to all parties in interest to be heard, it also invests the commission with certain inquisitorial powers, and it is not error per se for the commission to inspect the premises in the absence of the parties or their attorneys, especially where it had announced in open hearing it would make such inspection, and neither party requested an opportunity to be present.

2. **Landlord and tenant ⊦ köö200(1½)—Rent commission can confer with assessor out of presence of parties and attorneys.**

Under Rent Law, § 104, making the assessor of the District ex officio an advisory assistant to the commission, and requiring him to attend the meetings and hearings of the commission, the rent commission is authorized to confer with the assessor in fixing the reasonable rental value of premises, and the nature of such a conference reasonably implies that it may be held in the absence of the parties and without notice to them, the same as a conference between the commissioners themselves.

3. **Landlord and tenant ⊦köö200(1½)—Evidence held to sustain finding $1,500 a year was a fair rental.**

In proceedings before the rent commission to have the fair rental value of the premises fixed, evidence *held* to sustain the finding of the commission that $1,500 a year was a fair rental, though the lease provided for a rental of $250 a month.

Appeal from the District Rent Commission.

Proceeding by Ida M. Se Christ, tenant, against Wallace Bryant, landlord, before the District rent commission, to have the reasonable rental of the premises determined. From a decision of the commission, fixing a reasonable rental at $1,500 a year, the landlord appeals. Affirmed.

Clyde D. Garrett, of Washington, D. C., for appellant.

H. Ralph Burton, Chapin Brown, and Tench T. Marye, all of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This is an appeal from a decision of the District rent commission in a proceeding between landlord and tenant, brought to determine the fair and reasonable rent of certain residence property within the District.

---

On November 21, 1921, the tenant filed a complaint with the commission under section 106 of the District Rent Act, approved October 22, 1919 (41 Stat. 300), as amended August 24, 1921 (42 Stat. 200), alleging that the rental then charged for the premises was $250 per month, and that this sum was unfair and unreasonable. A determination by the commission was requested, the landlord being duly notified.

The commission sustained the complaint, holding that a rental of $250 per month for the premises was unfair and unreasonable, and determining that $1,500 per annum, or $125 per month, was the fair and reasonable rental for the premises, including the furniture therein. The landlord appealed from the decision.

It appears from the record that the parties had entered into a written lease for the term of three years commencing October 1, 1920, with a stipulation that the rent for the entire term should be payable in three installments falling due within the first year of the term, to wit, $2,820 on October 1, 1920, $2,820 on March 1, 1921, and $2,820 on October 1, 1921. The nominal rent for the three years was understood between the parties to be $9,000, but a discount was allowed in consideration of its payment in advance. The tenant paid the first installment of rent, and no more.

The property in question is 1332 V. street, N. W., and consists of two brick residences, one with eight rooms and two baths, the other with six rooms and four baths; the second house contains also a studio. Both houses are furnished, mostly with antique furniture. The tenant complains somewhat about the condition of the premises and furnishings. The landlord states that he purchased the property in 1916, paying $5,100 for it; that he immediately improved it at a cost of $12,000; and that the furniture therein is worth $2,500 commercially, or $5,000 as an antique art collection. It appears also that he realized about $375 per month as rent from the premises when the city was crowded with war workers. However, the complainant testified that because of the neighborhood the property is of that character which is the first to become unoccupied when the crowded conditions begin to be relieved. The witness gave details upon this subject, and the testimony is important, since the rental value of residence property in the city depends in great measure upon the neighborhood by which it is surrounded, and according to the tenant's statement, which was not contradicted, the value of this property is materially diminished by reason of its location. A real estate agent, however, testified that the whole real estate property was worth $15,000, when considered for loans or insurance. Another one said that the property should rent for $250 to $300 per month. A number of artists testified in a general way that the studio features of the property were very valuable.

The commission reported that it had made a personal inspection of the premises, including the furnishings, and, after considering the location, character, and condition thereof, had found that $1,500 per year, or $125 per month, was a fair and reasonable rental for the property. The commission conferred with the assessor of the District concerning the fair market value of the premises, before coming to a decision. The record recites that the inspection of the premises was made "without notice to the attorney for the complainant, neither of said

attorneys having requested the commission to give him notice of the time when the property would be inspected, nor expressed any desire to be present when the inspection was made." Public announcement had been made at the trial that the commission would afterwards inspect the property. The bill furthermore recites that:

"Between the date of the hearing aforesaid and the date of the filing of the determination, the rent commission conferred with the assessor of the District of Columbia, who serves ex officio as an advisory assistant to the commission, in regard to the fair market value of said premises. No notice was given to the attorney for the defendant or the attorney for the complainant that the rent commission was to confer with the said Assessor in regard to the value of said property, and no opportunity was given to the said attorneys, or either of them, to be present at said conference."

This procedure was excepted to by the appellant, and is made an issue upon this appeal.

[1] It is true that the Rent Law provides that all hearings upon such an issue shall be open to the public, and that an opportunity shall be afforded to all parties in interest to be heard. Nevertheless it is manifest that the commission is invested with certain inquisitorial powers which may be exercised without court procedure; for example, it may commence a proceeding for the determination of the rent issue upon its own initiative. Such action would fairly imply a preliminary examination of the premises without notice to the parties in interest. It does not appear from the record that any testimony was heard by the commission at the time of the inspection. And in view of the general purposes of the Rent Act it must be inferred that it is not per se error for the commission to inspect the premises in the absence of the parties. And this is especially true where no request is made by either party for an opportunity to be present at the inspection.

[2] In regard to the conference between the commission and the assessor, it may be noted that section 104 of the Rent Law provides that:

"The assessor of the District of Columbia shall serve ex officio as an advisory assistant to the commission, but he shall have none of the powers or duties of a commissioner. He shall attend the meetings and hearings of the commission."

That provision is sufficient authority for the conference in question, and the nature of such a conference reasonably implies that it may be held in the absence of the parties and without notice to them, the same as a conference between the commissioners themselves.

[3] Upon a consideration of the entire record it must be held that the rent fixed by the commission is not unfair or unreasonable according to the testimony, much less is it so inadequate as to be confiscatory. In fact the testimony goes far towards showing that it is both fair and reasonable.

This appeal also questions the constitutionality of the District Rent Act and the extension thereof. That question however has been foreclosed by former decisions. Block v. Hirsh, 256 U. S. 135, 41 Sup. Ct. 458, 65 L. Ed. 865, 16 A. L. R. 165; Marcus Brown Holding Co.

v. Feldman et al., 256 U. S. 170, 41 Sup. Ct. 465, 65 L. Ed. 877; Levy Leasing Co. v. Siegel, 258 U. S. 242, 42 Sup. Ct. 289, 66 L. Ed. ——.

Accordingly the decision of the rent commission is affirmed, at the costs of the appellant.